**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| AFH AIR PROS, LLC, *et al.*,[1] | Case No. 25-10356 (PMB) |
| Debtors. | (Jointly Administered) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND PAYMENT OF PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") submit this Motion (the "Motion"), pursuant to sections 105(a), 327, 330, and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** ("Proposed Order"), (i) authorizing the retention and payment of certain professionals employed by the Debtors in the ordinary course of business without the submission of separate retention applications and the issuance of separate retention orders for each individual professional and (ii) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.  The United States Bankruptcy Court for the Northern District of Georgia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a

---

[1] The last four digits of AFH Air Pros, LLC's tax identification number are 1228. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the claims and noticing agent at https://www.veritaglobal.net/airpros. The mailing address for the debtor entities for purposes of these chapter 11 cases is: 150 S. Pine Island Road, Suite 200, Plantation, Florida 33324.

core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are sections 105(a), 327, 330, and 363 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and the *Second Amended and Restated General Order 26-2019, Procedures for Complex Chapter 11 Cases*, dated February 6, 2023 (the "Complex Case Procedures").

## BACKGROUND

### A. The Chapter 11 Cases

3. On March 16, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No official committee has been appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), and no request has been made for the appointment of a trustee or an examiner.

6. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of Andrew D.J. Hede in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 8] ("First Day Declaration").

### B. The Ordinary Course Professionals

7. The Debtors' officers and management regularly call upon a variety of professionals to assist the Debtors in carrying out their assigned duties and responsibilities in the ordinary course of business (the "Ordinary Course Professionals"). These Ordinary Course Professionals provide valuable and often critical assistance in addressing issues of importance to

2

the Debtors and their businesses. The Ordinary Course Professionals provide services for the Debtors in a variety of matters unrelated to these Chapter 11 Cases. Attached hereto as **Exhibit B** and incorporated herein by reference is a nonexclusive list of the Ordinary Course Professionals identified by the Debtors as of the Petition Date (as may be modified from time to time in accordance with the procedures set forth below, the "OCP List").

8. In contrast, the Debtors have filed (or will file) individual retention applications for any professionals that the Debtors seek to employ in connection with administration of these Chapter 11 Cases (the "Chapter 11 Professionals"). The Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with sections 330 and 331 of the Bankruptcy Code and related procedures to be approved by this Court, including by monthly, interim, and final fee applications.

## RELIEF REQUESTED

9. By this Motion, the Debtors seek entry of the Proposed Order authorizing the retention and payment of certain professionals employed by the Debtors in the ordinary course of business without the submission of separate retention applications and the issuance of separate retention orders for each individual professional.

10. The Ordinary Course Professionals will not be involved in the administration of these Chapter 11 Cases but will provide services in connection with the Debtors' ongoing business operations. As a result, the Debtors believe that the Ordinary Course Professionals are not "professionals" as that term is used in section 327 of the Bankruptcy Code, whose retention must be approved by this Court, subject to the limitations contained below. Nevertheless, out of an abundance of caution, the Debtors hereby seek an order authorizing the retention and payment of all Ordinary Course Professionals during the pendency of these Chapter 11 Cases pursuant to the procedures described herein.

11. It is essential that the Debtors continue to employ the Ordinary Course Professionals, many of whom are already familiar with the Debtors' business and affairs, to avoid disruption of the Debtors' normal business operations. The Debtors submit that the proposed employment of the Ordinary Course Professionals and the payment of monthly compensation on the basis set forth below are in the best interests of their estates and their creditors. The relief requested herein will save the Debtors' estates the substantial expense associated with applying separately for the retention of each professional as well as avoid the incurrence of additional fees related to the preparation and prosecution of interim fee applications. Likewise, the procedures outlined below will relieve the Court, the U.S. Trustee, and any statutory committee (with the U.S. Trustee, the "Interested Parties") of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.

12. The Debtors propose that they be permitted to pay each Ordinary Course Professional, without prior application to the Court, 100% of the fees and disbursements incurred by such professional after the Petition Date; provided, however, that while these Chapter 11 Cases are pending, the fees of each Ordinary Course Professional that are payable by the Debtors, excluding costs and disbursements, may not exceed the cap applicable to such Ordinary Course Professional (the "OCP Cap") [2] set forth on the OCP List attached hereto as **Exhibit B**.

13. To the extent an Ordinary Course Professional, other than an attorney, seeks compensation in excess of the applicable OCP Cap (the "Excess Fees"), the Ordinary Course Professional shall file with the Court and serve on the Interested Parties, which service may be via hand delivery, overnight courier, e-mail, or first class mail, a Notice of Fees in Excess of the OCP

---

[2] As set forth on Exhibit B hereto, the OCP Cap provides for a monthly cap and an aggregate cap during these Chapter 11 Cases for each Ordinary Course professional.

4

Cap (the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the services rendered and fees actually incurred. Interested Parties shall then have 14 days to object to the Notice of Excess Fees. If after 14 days no objection is filed, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file a fee application. Excess Fees sought by an Ordinary Course Professional that is an attorney will be subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code and any applicable orders authorizing the payment of professionals retained in these Chapter 11 Cases. If an Ordinary Course Professional held a retainer as of the Petition Date, then the Ordinary Course Professional shall disclose the amount of the retainer in the OCP Declaration (defined below). The Ordinary Course Professional may apply its retainer against any prepetition claims. Any sums remaining shall then be applied against postpetition fees subject to the monthly cap described herein.

14. Beginning 30 days after the end of the first full calendar quarter following the Petition Date, and 30 days after the end of each quarter thereafter (each, a "Quarter") in which these Chapter 11 Cases are pending, the Debtors will file with the Court and serve on the Interested Parties a statement with respect to the immediately preceding Quarter which shall include the following information with respect to each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the amounts of fees paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during each month of the reported Quarter; and (iii) a general description of the services rendered by each Ordinary Course Professional during the reported Quarter.

15. Within 30 days after the later of the entry of an order granting this Motion or the date on which the Ordinary Course Professional commences services for the Debtors, each lawyer,

5

law firm, or other party that is an Ordinary Course Professional shall provide the Debtors' attorneys with a declaration (an "OCP Declaration"), substantially in the form annexed hereto as **Exhibit C**, certifying that the professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed.

16. The Debtors' attorneys shall then file the OCP Declaration with the Court and serve it upon the Interested Parties. The Interested Parties shall have 14 days following service of an OCP Declaration to notify the Debtors in writing of any objection to the retention stemming from the contents of the OCP Declaration. If after 14 days no objection is filed, the retention of such Ordinary Course Professional shall be deemed approved without the need of a hearing or further order, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file fee applications based upon the submission of an appropriate invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred. No such Ordinary Course Professional shall be paid any fees or expenses until its OCP Declaration has been filed with the Court or, if an objection is filed, the objection is resolved consensually or by order of the Court.

17. The Debtors reserve the right to modify the OCP List as necessary to add or remove Ordinary Course Professionals from time to time, in their sole discretion. In the event an Ordinary Course Professional is added to the OCP List, the Debtors will file a notice with the Court listing the additional Ordinary Course Professionals that the Debtors intend to employ (each, an "Additional OCP Notice") and serve each Additional OCP Notice on the Interested Parties. Additionally, each Ordinary Course Professional listed in the Additional OCP Notice shall provide the Debtors' attorneys with an OCP Declaration within 14 days of the filing of the Additional OCP Notice. The Debtors' attorneys shall then file the OCP Declaration with the Court and serve it

6

upon the Interested Parties. The Interested Parties shall have 14 days following service of an OCP Declaration to notify the Debtors in writing of any objection to the retention stemming from the contents of the OCP Declaration. If after 14 days no objection is filed, the retention of such Ordinary Course Professional shall be deemed approved without the need of a hearing or further order, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file fee applications based upon the submission of an appropriate invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred. No such Ordinary Course Professional shall be paid any fees or expenses until its OCP Declaration has been filed with the Court or, if an objection is filed, the objection is resolved consensually or by order of the Court.

## **BASIS FOR RELIEF REQUESTED**

18.     The Debtors' retention of Ordinary Course Professionals is authorized generally by sections 327, 328, 330, and 363 of the Bankruptcy Code, and the procedures for the Debtors' retention of Ordinary Course Professionals should be approved. First, section 327(e) of the Bankruptcy Code provides that:

> The trustee, with the court's approval, may employ, for a specified special purpose . . . an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Further, section 328(a) of the Bankruptcy Code provides that employment of a professional person under section 327 may be "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). In addition, section 330 of the Bankruptcy Code provides that the court may award "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses" to a professional person employed

7

under section 327. 11 U.S.C. § 330(a)(1). Finally, section 363(b)(1) of the Bankruptcy Code authorizes a debtor in possession, after notice and a hearing, to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

19. The Debtors and their estates will be well served by authorizing the retention and compensation of the Ordinary Course Professionals because of such professionals' past relationship with and understanding of the Debtors and their operations. It is in the best interest of all of the parties and the Debtors' creditors to avoid any disruption in the professional services rendered by the Ordinary Course Professionals in the day-to-day operations of the Debtors' business. Moreover, the Ordinary Course Professionals are all to provide services customarily rendered to the Debtors in the ordinary course of the Debtors' business.

20. In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code and, therefore, must be retained by express approval of the court, courts consider the following:

   a. whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

   b. whether the entity is involved in negotiating the terms of a plan of reorganization;

   c. whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

   d. whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

   e. the extent of the entity's involvement in the administration of the debtor's estate; and

   f. whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See*, *e.g.*, *In re First Merchs. Acceptance Corp.*, No. 97-1500 JJF, 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (authorizing the debtor to retain an environmental consultant in the ordinary course of business); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring section 327 approval of the fees of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case"); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327).

21. The foregoing factors must be considered in totality (i.e., none of the factors alone is dispositive). Considering all of the factors, the Debtors do not believe that the Ordinary Course Professionals are "professionals" within the meaning of section 327 whose retention must be approved by the Court. Nevertheless, although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors, the Debtors do not believe that any such claims constitute interests materially adverse to the Debtors, their estates, their creditors, or other parties in interest. Accordingly, the Debtors submit that granting the relief requested herein is appropriate in these Chapter 11 Cases.

## RESERVATION OF RIGHTS

22. Nothing in the Proposed Orders or this Motion (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair,

prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action; or (iv) shall be construed as a promise to pay a claim.

## NOTICE

23. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Northern District of Georgia; (b) creditors holding the 30 largest unsecured claims against the Debtors; (c) counsel for the Debtors' prepetition and postpetition lenders and collateral agent; (d) the Internal Revenue Service; (e) the Georgia Department of Revenue; (f) the Attorney General for the State of Georgia and the states attorneys general for states in which the Debtors conduct business; (g) the United States Attorney for the Northern District of Georgia; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

24. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that this Court enter the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: March 27, 2025

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Matthew A. Petrie*
David B. Kurzweil (Ga. Bar No. 430492)
Matthew A. Petrie (Ga. Bar No. 227556)
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Email: kurzweild@gtlaw.com
       petriem@gtlaw.com

*Proposed Counsel for the Debtors and Debtors in Possession*