## Exhibit A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| AFH AIR PROS, LLC, *et al.*,[1] | Case No. 25-10356 (PMB) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. __ |

**ORDER AUTHORIZING THE RETENTION AND PAYMENT OF PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS**

Upon the *Motion of the Debtors for Entry of an Order Authorizing the Retention and Payment of Professionals Utilized by the Debtors in the Ordinary Course of Business* (the "Motion");[2] the Court, having reviewed the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding

---

[1] The last four digits of AFH Air Pros, LLC's tax identification number are 1228. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the claims and noticing agent at https://www.veritaglobal.net/airpros. The mailing address for the debtor entities for purposes of these chapter 11 cases is: 150 S. Pine Island Road, Suite 200, Plantation, Florida 33324.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b); and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of (a) the opportunity to object to relief requested in the Motion by April [•], 2025 at 4:00 p.m. (prevailing Eastern Time) and (b) for hearing on the Motion scheduled for April 23, 2025 at 1:00 p.m. (prevailing Eastern Time) having been given under the particular circumstances pursuant to the *Third Amended and Restated General Order No. 24-2018*; and no hearing is necessary on the Motion absent the filing of an objection with respect to the same; and the Court having considered the Motion and all other matters of record, including the lack of objection thereto; and based on the foregoing, no further notice or hearing is required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is GRANTED as set forth herein.

2.  Pursuant to sections 105(a), 327, 330, and 363 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized to employ Ordinary Course Professionals in the ordinary course of the Debtors' business, effective as of the Petition Date.

3.  Unless otherwise ordered by the Court, the Debtors are authorized to pay each Ordinary Course Professional, without further order of the court, 100% of the fees and disbursements actually incurred by the Ordinary Course Professional after the Petition Date; provided, however, that while these Chapter 11 Cases are pending, the fees of each Ordinary Course Professional set forth on **Exhibit B** to the Motion that are payable by the Debtors,

excluding costs and disbursements, may not exceed the cap applicable to such Ordinary Course Professional (the "OCP Cap") set forth on the OCP List attached as **Exhibit B** to the Motion without further order of this Court.

4. Within 30 days after the later of (a) the entry of this Order and (b) the date on which the Ordinary Course Professional commences services for the Debtors, each lawyer, law firm, or other party that is an Ordinary Course Professional shall provide the Debtors' attorneys with a declaration (an "OCP Declaration"), substantially in the form annexed to the Motion as **Exhibit B**, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the Ordinary Course Professional is to be employed.

5. If an Ordinary Course Professional held a retainer as of the Petition Date, then the Ordinary Course Professional shall disclose the amount of the retainer in the OCP Declaration. The Ordinary Course Professional may apply its retainer against any prepetition claims. Any sums remaining shall then be applied against postpetition fees, subject to the OCP Cap.

6. The Debtors reserve the right to modify the OCP List as necessary to add or remove Ordinary Course Professionals from time to time, in their sole discretion. In the event an Ordinary Course Professional is added to the OCP List, the Debtors shall file an Additional OCP Notice and serve each Additional OCP Notice on the Interested Parties. Additionally, each additional Ordinary Course Professional listed in the Additional OCP Notice shall provide the Debtors' attorneys with an OCP Declaration within 14 days of the filing of the Additional OCP Notice.

7. Upon receipt of any such OCP Declaration, the Debtors' attorneys shall file it with the Court and serve it upon the Interested Parties. The Interested Parties shall have 14 days following such service to notify the Debtors, in writing, of any objection to the requested retention.

3

If after 14 days no objection is filed, then the retention of such Ordinary Course Professional shall be deemed approved without the need of a hearing or further order.

8. No Ordinary Course Professional shall be paid any amounts for invoiced fees and/or expense reimbursement until its OCP Declaration, if required, has been filed with the Court and, if an objection is filed, the objection is resolved consensually or by order of the Court.

9. To the extent that an Ordinary Course Professional, other than an attorney, seeks compensation in excess of the applicable OCP Cap (the "Excess Fees"), the Ordinary Course Professional shall file with the Court and serve on (i) the Debtors, c/o Air Pros Solutions, LLC, 150 S. Pine Island Road, Suite 200, Plantation, Florida 33324, Attn: Andrew D.J. Hede (ahede@accordion.com); (ii) proposed counsel to the Debtors, Greenberg Traurig, LLP, Terminus 200, 3333 Piedmont Road, NE, Suite 2500, Atlanta, Georgia 30305, Attn: David B. Kurzweil, Esq. (kurzweild@gtlaw.com) and Matthew A. Petrie (petriem@gtlaw.com); (iii) counsel for the DIP Lenders and the Prepetition Lenders, (a) Latham & Watkins LLP, 330 N. Wabash Avenue, Suite 2800, Chicago, Illinois 60611, Attn: James Ktsanes (james.ktsanes@lw.com), Ebba Gebisa (ebba.gebisa@lw.com), and Whit Morley (whit.morley@lw.com), (b) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020, Attn: Nikhil Gulati (nikhil.gulati@lw.com), and (c) Scroggins, Williamson & Ray, P.C., 4401 Northside Parkway, Suite 230, Atlanta, GA 30327 Attn: J. Robert Williamson (rwilliamson@swlawfirm.com); (iv) counsel to any statutory committee, if any; and (v) the Office of the United States Trustee for Region 21, 362 Richard Russell Building & U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303 (Attn: Jonathan S. Adams) (collectively, the "Interested Parties"), which service may be via hand delivery, overnight courier, e-mail, or first class mail, a Notice of Fees in Excess of the applicable OCP Cap (the "Notice of Excess Fees") and an invoice setting forth, in reasonable

4

detail, the nature of the services rendered and disbursements actually incurred. Interested Parties shall then have 14 days to object to the Notice of Excess Fees. If after 14 days no objection is filed, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file a fee application.

10. Any Excess Fees sought by an Ordinary Course Professional that is an attorney will be subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code and any applicable orders authorizing the payment of professionals retained in these Chapter 11 Cases.

11. Beginning 30 days after the end of the first full calendar quarter following the Petition Date, and 30 days after the end of each quarter thereafter (each, a "Quarter") in which these Chapter 11 Cases are pending, the Debtors shall file with the Court, and serve on the Interested Parties, a statement with respect to the immediately preceding Quarter, which shall include the following information with respect to each Ordinary Course Professional: (i) the name of the Ordinary Course Professional, (ii) the amount of fees paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during each month of the reported Quarter, and (iii) a general description of the services rendered by each Ordinary Course Professional during the reported Quarter.

12. The Debtors shall include amounts paid to Ordinary Course Professionals in the monthly operating reports that the Debtors are required to submit to the Court.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

15. Proposed counsel for the Debtors, through Kurtzman Carson Consultants, LLC d/b/a Verita Global ("Verita"), shall, within three days of the entry of this Order, cause a copy of this Order to be served by electronic mail or first-class mail, as applicable, on all parties served with the Motion, and Verita shall file promptly thereafter a certificate of service confirming such service.

END OF DOCUMENT

*Prepared and presented by*:

**GREENBERG TRAURIG, LLP**

*/s/ Matthew A. Petrie*
David B. Kurzweil (Ga. Bar No. 430492)
Matthew A. Petrie (Ga. Bar No. 227556)
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Email:  kurzweild@gtlaw.com
            petriem@gtlaw.com

*Proposed Counsel for the Debtors and Debtors in Possession*