## Exhibit A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| AFH AIR PROS, LLC, *et al.*,[1] | Case No. 25-10356 (PMB) |
| Debtors. | (Jointly Administered) |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT
OF JEFFERIES LLC AS INVESTMENT BANKER TO THE DEBTORS
AND DEBTORS IN POSSESSION PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a),
EFFECTIVE AS OF THE PETITION DATE; (II) MODIFYING TIME-KEEPING
REQUIREMENTS; AND (III) GRANTING RELATED RELIEF**

This matter is before the Court on the *Application of the Debtors and Debtors in Possession for Entry of an Order (i) Authorizing the Retention and Employment of Jefferies LLC as Investment Banker to the Debtors and Debtors in Possession Pursuant to 11 U.S.C. §§ 327(a) and 328(a), effective as of the Petition Date; (ii) Modifying Time-Keeping Requirements; and (iii) Granting Related Relief* (the "Application").[2]

No hearing is necessary on the Application absent the filing of a timely objection to it. Pursuant to a certificate of service filed with the Application and in accordance with the Complex Case Procedures, the Application has been served on the United States Trustee as required by Rule 2014 of the Federal Rules of Bankruptcy Procedure, and on the Debtors' thirty (30) largest unsecured creditors, counsel to the Debtors' prepetition and postpetition lenders and collateral

---

[1]   The last four digits of AFH Air Pros, LLC's tax identification number are 1228. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the claims and noticing agent at https://www.veritaglobal.net/AirPros. The mailing address for the debtor entities for purposes of these chapter 11 cases is:  150 S. Pine Island Road, Suite 200, Plantation, Florida 33324.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Application.

agent, the United States Securities and Exchange Commission, the Internal Revenue Service, the Georgia Department of Revenue, the Attorney General for the State of Georgia, the United States Attorney for the Northern District of Georgia, the state attorneys general for states in which the Debtors conduct business and any party that has requested notice pursuant to Bankruptcy Rule 2002.  No further service of the Application is necessary.

Accordingly, it is HEREBY ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

2.      Pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, the Local Bankruptcy Rules and the Complex Case Procedures, the Debtors are authorized to retain and employ Jefferies as their investment banker in these Chapter 11 Cases, effective as of the Petition Date, pursuant to the terms and subject to the conditions set forth in the Engagement Letter attached to the Application as Exhibit B, as modified by this Order.

3.      Except to the extent set forth herein, the Engagement Letter (together with all annexes thereto), including without limitation the Fee and Expense Structure, are approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, and the Debtors are authorized and directed to perform their payment, reimbursement, contribution, and indemnification obligations and their non-monetary obligations in accordance with the terms and conditions, and at the times specified, in the Engagement Letter, unless modified herein.  Subject to Paragraph 4 of this Order, all compensation and reimbursement of expenses payable under the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to any other standard of review including, but not limited to, that set forth in section 330 of the Bankruptcy Code.

4.     Jefferies shall file applications for allowance of compensation and reimbursement of expenses pursuant to and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and Complex Case Procedures as may then be applicable, and any other applicable orders and procedures of this Court; provided, however, that Jefferies shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code and that Jefferies' fees and expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code, except that, notwithstanding any provisions to the contrary in this Order, the Application or any of its attachments, the U.S. Trustee shall retain all rights and be entitled to object to Jefferies' request(s) for fees and reimbursement of expenses under the standards provided in sections 330 and 331 of the Bankruptcy Code; provided that reasonableness for this purpose shall include, among other things, an evaluation by comparing the fees payable in these Chapter 11 Cases to the fees paid to other investment banking firms for comparable services in other chapter 11 cases and outside of chapter 11 cases, and shall not be evaluated primarily on the basis of time committed or the length of these Chapter 11 Cases.

5.     In the event that, during the pendency of these Chapter 11 Cases, Jefferies requests reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Jefferies' own fee applications, and such invoices and time records shall be subject to approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.  Notwithstanding the foregoing, Jefferies shall only be reimbursed for any legal fees incurred in connection with these cases to the extent permitted under applicable law and the decisions of the Court.

ACTIVE 707953488

6.    Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, Local Bankruptcy Rules, the Complex Case Procedures, any order of this Court, or any guidelines established by the U.S. Trustee regarding submission and approval of fee applications, Jefferies and its professionals shall be excused from: (i) the requirement to maintain or provide detailed time records for services rendered postpetition and (ii) providing or conforming to any schedule of hourly rates.

7.    The indemnification, contribution, and reimbursement provisions included in Schedule A to the Engagement Letter are approved, subject to the following modifications, applicable during the pendency of these chapter 11 cases:

(a)  Indemnified Persons (as that term is defined in Schedule A to the Engagement Letter) shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for claims arising from services other than the services provided under the Engagement Letter, unless such services are approved by the Court;

(b)  Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person or entity or provide contribution or reimbursement to any person or entity for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from that person's or entity's gross negligence, willful misconduct, fraud, breach of fiduciary duty (if any) or bad faith, or (ii) for a contractual dispute in which the Debtors allege breach of the obligations of Jefferies or another Indemnified Person under the Engagement Letter unless the Court determines that indemnification, contribution, or reimbursement would be permissible under applicable law, or (iii) settled prior to a judicial determination as to sub-clauses (i) or (ii) above, but determined by the Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order;

(c)  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, Jefferies or another Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Jefferies must file an application before the Court and the Debtors may not pay any such amounts before the entry of an order by the Court approving the payment; provided,

ACTIVE 707953488

<u>however</u>, that for the avoidance of doubt, this subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify Jefferies or any other Indemnified Person.

8.    Notwithstanding anything to the contrary in the interim order authorizing, among other things, the Debtors to obtain postpetition financing and use of cash collateral, dated March 18, 2025 [Docket No. 32], and any order approving such postpetition financing and use of cash collateral on a final basis (as applicable, the "<u>DIP Order</u>") and related loan documents, (i) the "Case Professionals Reserve Account," as defined and used in the DIP Order and related loan documents, shall include all fees and expenses of Jefferies provided in the Engagement Letter as approved hereby, (ii) payment of such fees and expenses shall be subject to approval by this Court (whether approved before or after the Carve-Out Trigger Date (as defined in the DIP Order)), and (ii) "Case Professionals," as defined and used in the DIP Order and related loan documents, shall include Jefferies.

9.    None of the fees payable to Jefferies under the Engagement Letter shall constitute a "bonus" or fee enhancement under applicable law.

10.    The relief granted herein, including, without limitation, approval pursuant to section 328(a) of the Bankruptcy Code of the Fee and Expense Structure and the Indemnification Provisions (as modified and restated in this Order), shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

11.    To the extent the Debtors wish to expand the scope of Jefferies' services beyond those services set forth in the Engagement Letter or this Order, the Debtors shall be required to seek further approval from this Court.  The Debtors shall file notice of any proposed additional services (the "<u>Proposed Additional Services</u>") and any underlying engagement letter with respect

5

to such Proposed Additional Services with the Court and serve such notice on the U.S. Trustee, the DIP Lender, the Committee, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within 14 days of the Debtors filing such notice, the Proposed Additional Services and any underlying engagement letter with respect to such Proposed Additional Services may be approved by the Court by further order without further notice or hearing.

12.     To the extent that there may be any inconsistency between the terms of the Application, the Finger Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

13.     The Debtors and Jefferies are authorized and empowered to take all actions necessary to effectuate the relief granted by this Order.

14.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**# # # END OF ORDER # # #**

6

*Prepared and presented by*:

**GREENBERG TRAURIG, LLP**

*/s/ David B. Kurzweil*
David B. Kurzweil (Ga. Bar No. 430492)
Matthew A. Petrie (Ga. Bar No. 227556)
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Email: kurzweild@gtlaw.com
          petriem@gtlaw.com

*Proposed Counsel for the Debtors and
Debtors in Possession*