**IT IS ORDERED as set forth below:**



**Date: November 24, 2025**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| In re:<br><br>AFH AIR PROS, LLC,<br><br>　　　　　Debtor,<br><br>Tax I.D. No. 88-3091228 | Chapter 11<br><br>Case No. 25-10356 (PMB) |
| In re:<br><br>AIR PROS ATLANTA LLC,<br><br>　　　　　Debtor,<br><br>Tax I.D. No. 85-0549512 | Chapter 11<br><br>Case No. 25-10357 (PMB)<br><br>(Jointly Administered Under Case No. 25-10356 (PMB)) |

716569309

| | |
|---|---|
| In re:<br><br>AIR PROS BLUE STAR, LLC,<br><br>　　　　　Debtor,<br><br>Tax I.D. No. 84-2711803 | Chapter 11<br><br>Case No. 25-10358 (PMB)<br><br>(Jointly Administered Under Case No. 25-10356 (PMB)) |
| In re:<br><br>AIR PROS BOCA LLC,<br><br>　　　　　Debtor,<br><br>Tax I.D. No. 85-1041091 | Chapter 11<br><br>Case No. 25-10359 (PMB)<br><br>(Jointly Administered Under Case No. 25-10356 (PMB)) |
| In re:<br><br>AIR PROS COLORADO LLC,<br><br>　　　　　Debtor,<br><br>Tax I.D. No. 84-4205526 | Chapter 11<br><br>Case No. 25-10360 (PMB)<br><br>(Jointly Administered Under Case No. 25-10356 (PMB)) |
| In re:<br><br>AIR PROS DALLAS L.L.C.,<br><br>　　　　　Debtor,<br><br>Tax I.D. No. 85-2159408 | Chapter 11<br><br>Case No. 25-10361 (PMB)<br><br>(Jointly Administered Under Case No. 25-10356 (PMB)) |
| In re:<br><br>AIR PROS ONE SOURCE LLC,<br><br>　　　　　Debtor,<br><br>Tax I.D. No. 85-2758103 | Chapter 11<br><br>Case No. 25-10362 (PMB)<br><br>(Jointly Administered Under Case No. 25-10356 (PMB)) |

716569309

| | |
|---|---|
| In re: <br><br> AIR PROS SOLUTIONS HOLDINGS, LLC, <br><br> Debtor, <br><br> Tax I.D. No. 88-3543431 | Chapter 11 <br><br> Case No. 25-10363 (PMB) <br><br> (Jointly Administered Under Case No. 25-10356 (PMB)) |
| In re: <br><br> AIR PROS SOLUTIONS, LLC, <br><br> Debtor, <br><br> Tax I.D. No. 84-3714745 | Chapter 11 <br><br> Case No. 25-10364 (PMB) <br><br> (Jointly Administered Under Case No. 25-10356 (PMB)) |
| In re: <br><br> AIR PROS TEXAS LLC, <br><br> Debtor, <br><br> Tax I.D. No. 84-2711803 | Chapter 11 <br><br> Case No. 25-10365 (PMB) <br><br> (Jointly Administered Under Case No. 25-10356 (PMB)) |
| In re: <br><br> AIR PROS WASHINGTON, LLP, <br><br> Debtor, <br><br> Tax I.D. No. 84-4891730 | Chapter 11 <br><br> Case No. 25-10366 (PMB) <br><br> (Jointly Administered Under Case No. 25-10356 (PMB)) |
| In re: <br><br> AIR PROS WEST LLC, <br><br> Debtor, <br><br> Tax I.D. No. 84-3900418 | Chapter 11 <br><br> Case No. 25-10367 (PMB) <br><br> (Jointly Administered Under Case No. 25-10356 (PMB)) |

3

| | |
|---|---|
| In re:<br><br>AIR PROS, LLC,<br><br>　　　　　　Debtor,<br><br>Tax I.D. No. 82-1033425 | Chapter 11<br><br>Case No. 25-10368 (PMB)<br><br>(Jointly Administered Under Case No. 25-10356 (PMB)) |
| In re:<br><br>CM AIR PROS, LLC,<br><br>　　　　　　Debtor,<br><br>Tax I.D. No. 88-3260952 | Chapter 11<br><br>Case No. 25-10369 (PMB)<br><br>(Jointly Administered Under Case No. 25-10356 (PMB)) |
| In re:<br><br>DALLAS PLUMBING AIR PROS, LLC,<br><br>　　　　　　Debtor,<br><br>Tax I.D. No. 88-2339861 | Chapter 11<br><br>Case No. 25-10370 (PMB)<br><br>(Jointly Administered Under Case No. 25-10356 (PMB)) |
| In re:<br><br>DOUG'S SERVICE AIR PROS, LLC,<br><br>　　　　　　Debtor,<br><br>Tax I.D. No. 87-4760347 | Chapter 11<br><br>Case No. 25-10371 (PMB)<br><br>(Jointly Administered Under Case No. 25-10356 (PMB)) |
| In re:<br><br>DREAM TEAM AIR PROS, LLC,<br><br>　　　　　　Debtor,<br><br>Tax I.D. No. 88-3558877 | Chapter 11<br><br>Case No. 25-10372 (PMB)<br><br>(Jointly Administered Under Case No. 25-10356 (PMB)) |

716569309

| | |
|---|---|
| In re:<br><br>EAST COAST MECHANICAL, LLC,<br><br>    Debtor,<br><br>Tax I.D. No. 65-0163019 | Chapter 11<br><br>Case No. 25-10373 (PMB)<br><br>(Jointly Administered Under Case No. 25-10356 (PMB)) |
| In re:<br><br>HANSEN AIR PROS, LLC,<br><br>    Debtor,<br><br>Tax I.D. No. 85-3844871 | Chapter 11<br><br>Case No. 25-10374 (PMB)<br><br>(Jointly Administered Under Case No. 25-10356 (PMB)) |
| In re:<br><br>MAUZY AIR PROS, LLC,<br><br>    Debtor,<br><br>Tax I.D. No. 88-3495902 | Chapter 11<br><br>Case No. 25-10375 (PMB)<br><br>(Jointly Administered Under Case No. 25-10356 (PMB)) |

**FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES AND ORDER (A) DIRECTING THAT THE ADMINISTRATION OF ALL REMAINING MATTERS IN RESPECT OF AFFILIATE CASES TAKE PLACE IN THE REMAINING CASE, (B) AMENDING THE ORDER DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES, AND (C) GRANTING RELATED RELIEF**

Upon the *Wind Down Debtors' Motion for (A) Entry of a Final Decree Closing Certain of the Chapter 11 Cases; (B) Order Directing that the Administration of All Remaining Matters in Respect of Affiliate Cases Take Place in the Remaining Case; (C) Amendment of the Order Directing Joint Administration of the Chapter 11 Cases; and (D) Granting Related Relief* filed October 14, 2025 [Case No. 25-10356, Docket No. 755] (the "Motion");[1] and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Wind Down Debtors, the Wind Down Debtors' creditors, and other parties in interest; and this Court having found that the Wind Down Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court on November 20, 2025 at 2:30 p.m. (prevailing Eastern Time) (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, it is

**HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The following chapter 11 cases of the Wind Down Debtors are hereby closed (the "Affiliate Cases"), provided that this Court shall retain jurisdiction as provided under Article XIII of the Plan:

| Debtor | Case No. |
| --- | --- |
| Air Pros Atlanta LLC | 25-10357 |
| Air Pros Blue Star, LLC | 25-10358 |
| Air Pros Boca LLC | 25-10359 |
| Air Pros Colorado LLC | 25-10360 |
| Air Pros Dallas L.L.C. | 25-10361 |
| Air Pros One Source LLC | 25-10362 |
| Air Pros Solutions Holdings, LLC | 25-10363 |
| Air Pros Solutions, LLC | 25-10364 |
| Air Pros Texas LLC | 25-10365 |
| Air Pros Washington, LLP | 25-10366 |
| Air Pros West LLC | 25-10367 |

| Debtor | Case No. |
|---|---|
| Air Pros, LLC | 25-10368 |
| CM Air Pros, LLC | 25-10369 |
| Dallas Plumbing Air Pros, LLC | 25-10370 |
| Doug's Service Air Pros, LLC | 25-10371 |
| Dream Team Air Pros, LLC | 25-10372 |
| East Coast Mechanical, LLC | 25-10373 |
| Hansen Air Pros, LLC | 25-10374 |
| Mauzy Air Pros, LLC | 25-10375 |

3.  The chapter 11 case of AFH Air Pros, LLC, Case No. 25-10356 (PMB) (the "Remaining Case"), shall remain open pending further order of the Court. From and after the date of entry of this Order, all motions, notices, and other pleadings, including without limitation any papers initiating any adversary proceeding, relating to any of the Wind Down Debtors or their substantively consolidated Estates shall be filed, administered, and adjudicated in the Remaining Case, without the need to reopen the Affiliate Cases, and the Court shall retain jurisdiction over such matters. The Plan Administrator and/or the Litigation Trustee shall be responsible and deemed authorized to file with the Court all documents required to close the Remaining Case, provided that the Plan Administrator and Litigation Trustee shall confer in good faith prior to either party filing a motion for entry of a Final Decree closing the Remaining Case.

4.  The Remaining Matters, whether or not they pertain to the Remaining Case or Affiliate Cases, shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen the Affiliate Cases, and the Court shall retain jurisdiction over the Remaining Matters. Any failure of the Debtors, the Wind Down Debtors, the Plan Administrator, or the Litigation Trustee, as applicable, to file an objection to any Claim or Interest in the Affiliate Cases on or prior to entry of this Final Decree shall not constitute allowance of the Claim or Interest and shall not result in such Claim or Interest being deemed Allowed with respect to any Debtor or Wind Down Debtor or their substantively consolidated Estates. Any objections to Claims against

7

or Interests in the Affiliate Debtors may be filed, administered, and adjudicated in the Remaining Case until the applicable deadline set forth in the Plan, as may be extended from time to time.

5.  Nothing in this Order shall prejudice, impair, or otherwise modify the allowance and distribution provisions set forth in the Plan and Confirmation Order.

6.  Paragraph 4 of the Amended Joint Administration Order entered by the Court on March 27, 2025 [Docket No. 85] is amended to provide that the Chapter 11 Cases will be jointly administered under AFH Air Pros, LLC, et al., Case No. 25-10356 (PMB). The following caption shall be used in the Remaining Case going forward:

| | |
|---|---|
| In re:<br><br>AFH AIR PROS, LLC,<br><br>    Wind Down Debtors. | Chapter 11<br><br>Case No. 25-10356 (PMB) |

[1] The last four digits of AFH Air Pros, LLC's tax identification number are 1228. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the claims and noticing agent at https://www.veritaglobal.net/AirPros. The mailing address for the debtor entities for purposes of these chapter 11 cases is: 150 S. Pine Island Road, Suite 200, Plantation, Florida 33324.

7.  The Clerk of Court shall enter this Order on the docket of each of the Affiliate Cases, and each such docket shall be marked as "Closed".

8.  The Wind Down Debtors' post-confirmation quarterly report for the period ending December 31, 2025 (the "Fourth Quarter Summary Report") shall include reporting for the Affiliate Cases only through the date of entry of this Order (and not for any subsequent periods). The Statutory Fees due and payable pursuant to 28 U.S.C. § 1930(a)(6)(A) and (B) in connection with the Affiliate Cases shall be calculated based on disbursements only through the date of entry

of this Order (and not for any subsequent periods). The Fourth Quarter Summary Report for each Affiliate Case shall be filed, and the accompanying fee shall be paid, within 30 days of the entry of this Order. Subsequent post-confirmation quarterly summary reports shall contain information for the Remaining Case and the Litigation Trust in accordance with Article II.E of the Plan and the Litigation Trust Agreement.

9. Entry of this Final Decree and Order is without prejudice to (a) the rights of the Wind Down Debtors or other parties in interest to seek to reopen any of the Debtor's chapter 11 cases for cause pursuant to section 350(b) of the Bankruptcy Code, (b) the rights of the Plan Administrator or the Litigation Trustee to dispute all proofs of claim that were filed against the Estates in the Chapter 11 Cases to the extent permitted by the Plan and the Confirmation Order, or (c) the Litigation Trust to bring and pursue claims, causes of action, or otherwise seek relief in connection with the Litigation Trust Assets.

10. Nothing in this Final Decree shall be deemed (a) an admission as to the amount of, basis for, or validity of any Claim against the Debtors or the Wind Down Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the rights of the Wind Down Debtors, the Litigation Trustee, or any other parties in interest to dispute any Claim on any grounds; (c) a promise or requirement to pay any prepetition Claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any Lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the rights of the Wind Down Debtors, or any other parties in interest under the Bankruptcy Code or any other applicable law.

11.     The Wind Down Debtors, the Plan Administrator, and their agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

12.     Notwithstanding anything to the contrary, including, but not limited to, the possible applicability of Rules 6004(h), 7062, or 9014 of the Bankruptcy Rules or otherwise, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

13.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Decree.

14.     Wind Down Debtors' counsel will promptly cause a copy of this Order to be served on the Limited Service List for these chapter 11 cases and any parties that were served with the Motion. Wind Down Debtors' counsel shall cause a Certificate of Service evidencing such service to be filed within three days of service.

15.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

END OF DOCUMENT

716569309

*Prepared and presented by*:

**GREENBERG TRAURIG, LLP**

/s/ David B. Kurzweil
David B. Kurzweil (Ga. Bar No. 430492)
Matthew A. Petrie (Ga. Bar No. 227556)
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Email: kurzweild@gtlaw.com
petriem@gtlaw.com

*Counsel for the Wind Down Debtors*

716569309